■ AMERICAN EXPRESS CENTURION BANK, Respondent, v JACK GABAY, Appellant. [941 NYS2d 863]—

In an action to recover on an account stated, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Brandveen, J.), dated August 30, 2010, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered September 14, 2010, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $55,799.24.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

"An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [2011] [internal quotation marks omitted]). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (American Express Centurion Bank v Cutler, 81 AD3d 761, 762 [2011]).

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. The plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law, tendering evidence that it generated account statements for the defendant in the regular course of business, that it mailed those statements to the defendant on a monthly basis, and that the defendant accepted and retained these statements for a reasonable period of time without objection, and made partial payments thereon (see American Express Centurion Bank v Williams, 24 AD3d 577 [2005]; Citibank [S.D.] v Jones, 272 AD2d 815, 816-817 [2000]; Sullivan v REJ Corp., 255 AD2d 308 [1998]). The evidence submitted by the defendant in opposition was conclusory and did not contain the necessary evidentiary details regarding his alleged objection to the account statements.

Accordingly, the defendant failed to raise a triable issue of fact (*see J.B.H., Inc. v Godinez*, 34 AD3d 873, 875 [2006]; *Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]; *Sullivan v REJ Corp.*, 255 AD2d at 308). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.