■ Citibank (South Dakota), N.A., Respondent, v Alptekin Keskin, Appellant. [993 NYS2d 343]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals from (1) an order of

the Supreme Court, Nassau County (Asarch, J.), dated June 7, 2012, which, in effect, granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered July 27, 2012, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $29,494.98.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on its cause of action to recover damages for breach of contract by tendering sufficient evidence that there was an agreement, which the defendant accepted by his use of a certain credit card issued by the plaintiff and payments made thereon, and which was breached by the defendant when he failed to make the required payments (*see Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d 522, 523-524 [2012]; *Citibank [S.D.] N.A. v Sablic*, 55 AD3d 651, 652 [2008]; *Feder v Fortunoff, Inc.*, 114 AD2d 399, 399 [1985]). The plaintiff also established its prima facie entitlement to judgment as a matter of law on its cause of action to recover on an account stated by tendering sufficient evidence that it generated account statements for the defendant in the regular course of business, that it mailed those statements to the defendant on a monthly basis, and that the defendant accepted and retained these statements for a reasonable period of time without objection, and made partial payments thereon (*see American Express Centurion Bank v Gabay*, 94 AD3d 795, 795 [2012]; *Landa v Blocker*, 87 AD3d 719, 721 [2011]; *LD Exch. v Orion Telecom. Corp.*, 302 AD2d 565, 565 [2003]; *Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]). As the Supreme Court properly found, the defendant failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *American Express Centurion Bank v Gabay*, 94 AD3d at 796; *Citibank [S.D.] N.A. v Sablic*, 55 AD3d at 652).

Accordingly, the Supreme Court properly, in effect, granted the plaintiff's motion for summary judgment. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.