OPINION OF THE COURT
Per Curiam.
Appeal from order, entered September 4, 2013, deemed an appeal from the ensuing judgment, entered October 23, 2013, and so considered (see CPLR 5520 [c]), judgment affirmed, without costs.
We sustain the grant of plaintiff’s motion for summary judgment in this action seeking to collect on a credit card debt. Plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law, tendering evidence that it generated account statements for the defendant in the regular course of business, that it mailed those statements to defendant on a monthly basis, and that defendant accepted and retained the statements for a reasonable period of time without objection (see American Express Centurion Bank v Gabay, 94 AD3d 795 [2012]; American Express Centurion Bank v Williams, 24 AD3d 577 [2005]; Citibank [S.D.] v Jones, 272 AD2d 815 [2000], lv denied 95 NY2d 764 [2000]).
In opposition to the motion, defendant failed to raise any triable issue. Critically, defendant failed to submit any affidavit whatsoever in opposition to the motion, and defense counsel submitted only a four-paragraph affirmation in opposition *76 which was of no probative value. Thus, defendant did not dispute that she obtained and used a credit card issued by plaintiff, or that she received and retained, without objection, monthly statements setting forth the balance due on the account.
We are unpersuaded by our dissenting colleague’s laundry list of alleged procedural and substantive infirmities that supposedly preclude the grant of summary judgment.[1] While it is true that plaintiff’s notice of motion only sought summary judgment on the breach of contract cause of action, the moving papers were sufficiently particularized so as to alert defendant that summary judgment was sought on both the account stated and breach of contract causes of actions. Thus, any mistakes or omissions in the notice of motion or supporting papers were mere irregularities that were properly disregarded by the motion court (see CPLR 2001; Mondello v Mondello, 174 AD2d 712, 713 [1991]; Ingle v Glamore Motor Sales, 140 AD2d 493, 494 [1988], affd 73 NY2d 183 [1989] [although notice of motion mistakenly omitted mention of fifth cause of action, summary judgment properly granted since supporting papers clearly refer to it]). Indeed, defendant neither argued below nor on appeal that she was prejudiced in any way by consideration of the account stated cause of action. In these circumstances, the dissent’s assertion that the grant of summary judgment on this claim violated, inter alia, “due process . . . principles governing motions for summary judgment and fundamental fairness” (infra at 77-78) is both overwrought and unwarranted.[2]
Nor do we agree that plaintiff’s proof was legally insufficient. The statements of defendant’s credit card account, which referenced, inter alia, defendant’s name, address, account number, any transaction for the relevant period, the balance owed and the payments received, were self-authenticating (see Portfolio Recovery Assoc., LLC v Lall, 127 AD3d 576 [2015]; *77 Merrill Lynch Bus. Fin. Servs. Inc. v Trataros Constr, Inc., 30 AD3d 336, 337 [2006], lv denied 7 NY3d 715 [2006]); and a proper business records foundation for these statements was laid through the affidavit of a “Legal Specialist” (one Ward) employed by plaintiff’s billing agent, Capital One Services, LLC, who averred, inter alia, that she is “personally familiar and knowledgeable about the business practices and operations of plaintiff. . . including the manner in which plaintiff’s records are prepared and maintained,” and that plaintiff, as a regular part of its business, maintains “computer records of activity on the revolving credit accounts issued,” and provides customers “monthly billing statements itemiz[ing] each transaction in which the credit card was used” (see Citibank [S.D.] v Jones, 272 AD2d at 815-816; see also Calaci v Allied Interstate, Inc., 108 AD3d 1127 [2013] [affidavit of employee of Capital One Services, who reviewed Capital One’s records, sufficient to establish meritorious defense]; cf. Citibank, N.A. v Cabrera, 130 AD3d 861 [2015] [affiant, who was employed by the plaintiff’s loan servicer, did not allege that she was personally familiar with the plaintiff’s record-keeping practices and procedures]). In addition, the dissent’s assessment that the statements in Ward’s affidavit are disingenuous at best, a characterization based on information contained in Ward’s purported “Linkedln” profile, is improper on a motion for summary judgment (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]). We would also be remiss if we failed to note that the dissenter’s eager acceptance of the factual allegations contained in an unauthenticated Linkedln profile computer printout, evidence that is manifestly inadmissible hearsay, undermines a central foundation of the dissent’s reasoning.
Finally, while we share the dissenter’s concerns about deceptive debt collection practices in general, these concerns have no relevance to this particular action where, in response to plaintiff’s prima facie case of a debt due and owing, defendant did not deny the extension of credit, the receipt of the monthly statements or their accuracy.

. The dissenter’s verbose opinion, which incidentally cites to dissenter’s own nisi prius decision, Tower Mineola Ltd. Partnership v Potomac Ins. Co. of Ill. (14 Misc 3d 1238[A], 2007 NY Slip Op 50418[U] [2007]), reads more like a lecture than a dissent.

. Interestingly, the dissenting opinion refers to footnote 1 of defendant’s memorandum of law submitted in opposition to the motion for summary judgment (which of course is not considered a part of an appellate record) stating that “the present motion seeks summary judgment only on the latter claim [for breach of contract]” (infra at 78), but omits the next sentence which states: “Defendant nevertheless briefly addresses the account stated claim below.”