■ CACH, LLC, Respondent, v YAAKOV ASPIR, Appellant. [29 NYS3d 36]—

In an action to recover the outstanding balance due on a credit card, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered April 17, 2015, which granted the plaintiff's motion for summary judgment on the complaint and denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is the assignee of all rights and privileges of certain credit card accounts of a credit card company, including an account opened by the defendant in August 2006. The defendant failed to remit payment on the subject account commencing with the payment due by November 16, 2011, or any of the payments due thereafter. As of May 2012, the amount owed on the defendant's account totaled $16,285.69.

The plaintiff commenced this action to recover the outstanding balance due on the credit card. The complaint contained two causes of action, alleging breach of the subject credit card agreement and to recover on an account stated, respectively. Each cause of action sought to recover the sum of $16,285.69. Thereafter, the plaintiff moved for summary judgment on the

complaint. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion on the ground that the defendant breached the subject credit card agreement, and denied the defendant's cross motion. We affirm, albeit on a ground different from that relied upon by the Supreme Court.

" 'An account stated is an agreement between [the] parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' " (*Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850, 851 [2011], quoting *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]; *see Branch Servs., Inc. v Cooper*, 102 AD3d 645, 646 [2013]; *Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d 522, 523 [2012]; *American Express Centurion Bank v Cutler*, 81 AD3d 761, 762 [2011]). To establish its prima facie entitlement to judgment as a matter of law to recover on an account stated, a plaintiff must show that the defendant received the plaintiff's account statements for payment and retained these statements for a reasonable period of time without objection (*see Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]).

In the case of existing indebtedness, the agreement may be implied as well as express (*see Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d at 869; *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429 [1979]). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (*American Express Centurion Bank v Cutler*, 81 AD3d at 762; *see Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d at 523; *Landau v Weissman*, 78 AD3d 661, 662 [2010]).

Here, in support of its motion, the plaintiff submitted, among other things, monthly billing statements issued by the original creditor to the defendant from May 2011 through June 2012, showing that partial payments were made through October 3, 2011, and that a balance of $16,285.69 was owed as of the date of the last statement. The plaintiff also submitted an affidavit from a custodian of its records, which records included the books and records of the original creditor, who averred that the account statements were mailed to the defendant advising him of his delinquencies and demanding payment, and the defendant never challenged or disputed the validity of the amount owed. This evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the complaint (*see Citibank [South Dakota], N.A. v Keskin*, 121 AD3d 635, 636 [2014]; *Citibank [S.D.] N.A. v Cutler*, 112 AD3d 573, 574 [2013]; *American Express Centurion Bank v Gabay*,

94 AD3d 795, 795 [2012]; *see generally A. Montilli Plumbing & Heating Corp. v Valentino*, 90 AD3d 961, 962 [2011]).

In opposition, the defendant failed to raise a triable issue of fact. While a verified pleading "may be utilized as an affidavit whenever the latter is required" (CPLR 105 [u]), here, contrary to the defendant's contention, the responses in his verified answer denying knowledge or information sufficient to form a belief as to the truth of the allegations in the complaint were conclusory and did not contain the necessary evidentiary details to raise a triable issue of fact as to whether he received the monthly credit card statements, whether he kept them without objection, or whether the statement accurately reflected the amount owed (*see American Express Centurion Bank v Gabay*, 94 AD3d at 795-796; *American Express Centurion Bank v Williams*, 24 AD3d 577, 578 [2005]).

Accordingly, the plaintiff was entitled to summary judgment on the complaint. For the same reasons, the defendant was not entitled to summary judgment dismissing the complaint.

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.