<partyblock>

License to Chill Air Conditioning, LLC, Respondent,

against

Geok En Vitale, Also Known as Geok Vitale, Also Known as Ameina Vitale, Appellant.

Law Office of Zhen Liang Li (Zheng Liang Li of counsel), for appellant.

Panteris & Panteris, LLP (George Panteris of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A. Catapano-Fox, J.), entered January 31, 2018, deemed from a judgment of that court entered August 16, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the January 31, 2018 order granting plaintiff's motion for summary judgment, awarded plaintiff the principal sum of $4,500.

ORDERED that the judgment is reversed, without costs, the order entered January 31, 2018 is vacated and plaintiff's motion for summary judgment is denied.

Plaintiff commenced this action for breach of contract and upon an account stated to recover the balance allegedly due under a contract to install air conditioning systems in defendant's house. After some discovery, plaintiff moved for summary judgment. By order entered January 31, 2018, from which defendant appeals, the Civil Court granted plaintiff's motion. A judgment was subsequently entered on August 16, 2018 awarding plaintiff the principal sum of $4,500. Defendant's appeal from the January 31, 2018 order is deemed to be from the judgment entered pursuant thereto (see CPLR 5501 [c]).

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks, brackets and citation omitted]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In deciding a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party (see Jacobsen v [*2]New York City Health & Hosps. Corp., 22 NY3d at 833;Vega v Restani Constr. Corp., 18 NY3d at 503) and may grant the motion only if there is no doubt as to the absence of triable issues (see Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731, 733 [2016]; Kolivas v Kirchoff, 14 AD3d 493, 493 [2005]).

Here, in support of the motion for summary judgment on the cause of action for breach of contract, plaintiff submitted evidence that the parties had entered into a contract whereby plaintiff had agreed to install air conditioning systems and defendant had agreed to make a down payment of $4,500 and another payment of $4,500 upon completion of all the work, and that defendant had failed to make the second payment due under the contract. However, in opposition to the motion, defendant submitted proof that plaintiff had failed to complete the work it had contracted to perform
an element of a claim for an account stated (see Styles Brook Homeowners' Assn. v Blasi, 165 AD3d 1004, 1005 [2018]; Cach, LLC v Aspir, 137 AD3d 1065, 1066 [2016]; cf. Kiss Constr., Inc. v Edison Elec. Contrs., Corp., 152 AD3d 575, 576 [2017]; L.E.K. Consulting LLC v Menlo Capital Group, LLC, 148 AD3d 527, 528 [2017]). The conclusory allegation in plaintiff's attorney's affirmation that the invoice was mailed to defendant on April 29, 2016 was insufficient to raise a presumption that the invoice was received by defendant (see Bank of Am. v Guillaume, 169 AD3d 625, 626-627 [2019]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]). Consequently, plaintiff's motion for summary judgment should have been denied (see generally Vega v Restani Constr. Corp.,18 NY3d at 507).

Accordingly, the judgment is reversed, the order entered January 31, 2018 is vacated and plaintiff's motion for summary judgment is denied.

PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 20, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>