Capital One Bank (usa), N.A. v Islam (2020 NY Slip Op 50849(U))

[*1]

Capital One Bank (USA), N.A. v Islam

2020 NY Slip Op 50849(U) [68 Misc 3d 127(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-17 Q C

Capital One Bank (USA), N.A.,
Respondent, 
against
Naz Islam, Appellant. 

Naz Islam, appellant pro se.
Rubin & Rothman, LLC (Michael K. Johnson of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Laurentina McKetney Butler, J.), entered May 17, 2018, deemed from a judgment of that court
entered October 29, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the May 17,
2018 order granting plaintiff's motion for summary judgment, awarded plaintiff the principal sum
of $1,358.75.

ORDERED that the judgment is affirmed, without costs.
In this commercial claims action to recover the principal sum of $1,358.75 for breach of a
credit card agreement, plaintiff moved for summary judgment. In a supporting affidavit,
plaintiff's witness asserted, and provided documents which demonstrated, that defendant had
incurred debt using a credit card which plaintiff had issued to defendant; that defendant had been
provided with monthly billing statements which itemized each transaction in which the credit
card had been used; that defendant had not disputed the validity of the balances owed as specified
in the monthly billing statements; that defendant had failed to make payments on the credit card
account in accordance with the terms of the customer agreement which had been mailed to him;
and that, at the time this action was commenced, defendant owed plaintiff $1,358.75 pursuant to
the credit card agreement. In his opposition to plaintiff's motion, defendant did not deny his use
of the credit card or his accrual of the debt plaintiff alleged, but claimed that, because plaintiff
had "charged off" his debt, it had no right to a recovery from him. Defendant also questioned
[*2]whether plaintiff had transferred its debt to a third party, but
failed to provide any documentation to support such a claim. In its reply papers, plaintiff
explained that, although its internal accounting records reflected that defendant's debt had been
"charged off" after defendant had failed to make any payments for six consecutive months, such
"charging off" did not manifest forgiveness of the debt and had no bearing on defendant's liability
to plaintiff. By order entered May 17, 2018, the Civil Court granted plaintiff's motion for
summary judgment.
The affidavit of plaintiff's witness was sufficient to authenticate plaintiff's records with
respect to defendant's credit card account and debt (see Capital One Bank [USA] v Koralik, 51 Misc 3d 74, 76-77 [App
Term, 1st Dept 2016]; see also Discover
Bank v Witt, 62 Misc 3d 139[A], 2019 NY Slip Op 50057[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]). By presenting evidence that there was an agreement, which
defendant had accepted by the use of a credit card issued by plaintiff, and that defendant had
breached the agreement by failing to make the required payments, plaintiff demonstrated, prima
facie, its entitlement to summary judgment (see American Express Bank, FSB v Scali, 142 AD3d 517, 517-518
[2016]; Citibank [South Dakota], N.A. v
Keskin, 121 AD3d 635, 636 [2014]; Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523-524
[2012]). The burden thereupon shifted to defendant "to produce evidentiary proof in admissible
form sufficient to establish the existence of material issues of fact which require a trial of the
action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), which defendant failed to
do. Thus, the Civil Court properly granted plaintiff's motion.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020