American Express Bank, FSB v Weiss (2020 NY Slip Op 06234)





American Express Bank, FSB v Weiss


2020 NY Slip Op 06234


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-03312
2018-03313
 (Index No. 50657/17)

[*1]American Express Bank, FSB, respondent,
v
Ronald Weiss, etc., et al., appellants.


LaBonte Law Group, PLLC, Garden City, NY (Scott H. Mandel of counsel), for appellants.
Stroock & Stroock & Lavan LLP, New York, NY (Brian C. Frontino of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendants appeal from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 4, 2017, and (2) a judgment of the same court dated February 26, 2018. The order granted the plaintiff's motion for summary judgment on the complaint and denied the defendants' cross motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the principal sum of $128,755.57.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff is the creditor pursuant to a charge card account opened by the defendants in 1998. The final remittance of payment on the account was tendered on or about August 24, 2016, and the defendants made no further payments thereafter. As of March 2017, the total amount owed on the account was $128,755.57.
The plaintiff commenced this action to recover the outstanding balance due on the charge card, asserting, inter alia, causes of action to recover damages for breach of the credit card agreement and to recover on an account stated. Each cause of action sought to recover the sum of $128,755.57. The plaintiff moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
With regard to the cause of action to recover on an account stated, it is well settled that "[a]n account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [internal quotation marks omitted]). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (American Express Centurion Bank v Cutler, 81 AD3d 761, 762). The plaintiff established its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated by tendering sufficient evidence that it generated account statements for the defendants in the regular course of business, that it mailed those statements to the defendants on a monthly basis, that the statements were not returned to the plaintiff, and that the defendants made partial payments thereon and did not otherwise object to the statements (see American Express Centurion Bank v Gabay, 94 AD3d 795, 795).
The defendants failed to raise a triable issue of fact in opposition (see Citibank [South Dakota], N.A. v Keskin, 121 AD3d 635, 636). Contrary to the defendants' contentions, the individual defendant's affidavit was conclusory and failed to set forth the necessary evidentiary details to raise a triable issue of fact as to whether the individual defendant was personally liable for the monies due, or as to whether he ever received the parties' credit card agreement and/or monthly charge card statements (see Cach, LLC v Aspir, 137 AD3d 1065, 1067).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint and denying the defendants' cross motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court