## Credit Acceptance Corp. v Garcia

2023 NY Slip Op 34625(U)

October 10, 2023

Civil Court of the State of New York, Bronx County

Docket Number: Index No. CV-008127-22/BX

Judge: Howard-Algarin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 11C
-------------------------------------------------------------------x
CREDIT ACCEPTANCE CORPORATION,                    DECISION AND ORDER
                                                  Index No. CV-008127-22/BX
                                    Plaintiff,

           -against-                              Present:
                                                  Hon. John A. Howard-Algarin

MIRALYS GARCIA and LUCERO ACEVEDO,

                                    Defendants.
-------------------------------------------------------------------x

Recitation as required by CPLR §2219(a) of the papers considered in the review of plaintiff's motion for summary judgment:

| Papers | Numbered |
|---|---|
| Plaintiff's Notice of Motion for Summary Judgment, Affirmation, Affidavits and Exhibits | 1 |
|  |  |
|  |  |

Creditor-plaintiff, Credit Acceptance Corporation ("Plaintiff"), brought this cause of action for damages upon an (1) account stated and for (2) breach of a contract against debtor-defendants, Miralys Garcia and Lucero Acevedo (referred together as "Defendants" or individually as "Defendant Garcia" or "Defendant Acevedo"), for the sum of $17,747.15, plus costs, disbursements, and interest, arising from a consumer credit case for the purchase of a vehicle. Plaintiff seeks to strike the affirmative defense asserted by Defendant Garcia and moves for summary judgment, pursuant to CPLR § 3212, against her. In addition, Plaintiff moves for a default judgment, pursuant to CPLR § 3215, against Defendant Acevedo. Defendants did not file papers in opposition to the motion. Based on the record before the Court, Plaintiff's request to strike Defendant Garcia's answer is granted.  Plaintiff's requests for summary judgment against Defendant Garcia and a default judgment against Defendant Acevedo are denied, and the entire action against Defendants is dismissed with prejudice.

Defendant Garcia

Plaintiff seeks to strike the affirmative defense asserted by Defendant Garcia in her answer that she has "no income at this moment" (Plaintiff's Exhibit A, Defendant Garcia's Answer,

1

November 14, 2022). Statements in pleadings should be sufficiently precise to give the parties and court notice of the occurrences or transactions intended to be proved and the material elements of each defense (CPLR § 3013; *3505 BWAY Owner LLC. v McNeely*, 67 Misc3d 583, 584 [Civ Ct, NY County 2020]). That said, a party may move to dismiss any defense on the ground that it lacks merit (CPLR § 3211[b]; *3505 BWAY Owner LLC. v McNeely*, 67 Misc3d at 584). However, the party moving to dismiss a defense has the burden of demonstrating that the defense is without merit as a matter of law (*534 E. 11th St. Hous. Dev. Fund Corp v Hendrick*, 90 AD3d 541 [1st Dept 2011]). In considering such an application, a court must construe the allegations set forth in the answer liberally and view them in the light most favorable to defendant, who is entitled to every reasonable inference (*Id* at 541-42; *Atlas Feather Corp v Pine Top Ins. Co.* 128 AD2d 578 [2d Dept 1987]). Conversely, affirmative defenses should be stricken where they merely plead conclusions of law without supporting facts (*Belcher v Feller*, 64 AD3d 672 [2d Dept 2009]). Based on these legal principles, the Court finds that Defendant Garcia's unsubstantiated defense, that she has no source of income, factual though it may be, is not a legal defense to either a breach of contract or an account stated cause of action. Therefore, the defense is stricken. The Court now turns to Plaintiff's request for summary judgment against Defendant Garcia for the sum of $17,747.15, plus costs, disbursements, interest, and for such other and further relief as this Court may deem just and proper.

Summary judgment may be granted only when no triable issues of fact exist (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). The burden is on the moving party to make prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of disputed material facts (*Winegrad v N.Y.U. Med. Ctr.*, 64 NY2d 851, 953 [1985]). If the moving party has established sufficient proof to warrant summary judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a question of material fact that would require a trial (*Zuckerman v City of New York*, 49 NY2d 557 [1980]). If there are no material, triable issues of fact, summary judgment must be granted (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). Issue finding, not issue determination, is the key to summary judgment (*Rose v Da Ecib USA*, 259 AD2d 258 [1st Dept 1999]).

On a cause of action for account stated, Plaintiff may establish *prima facie* entitlement to summary judgment by submitting evidence that: (i) it generated account statements for defendant

2

in the regular course of its business; (ii) it mailed those statements to defendant monthly; and (iii) defendant accepted and retained the statements for a reasonable period without objection; and (iv) made partial payments in response thereto (*Citibank [S.D.], N.A. v Keskin,* 121 AD3d at 636). When establishing a *prima facie* case upon an account stated, bank and credit card account statements are self-authenticating and do not require a foundation for admission in evidence (*Portfolio Recovery Assoc., LLC v Lall,* 127 AD3d 576 [1st Dept 2015]; *Capital (USA) v Koralik,* 51 Misc 3d 74, 78 [App Term, 1st Dept 2016]; *Midland Funding, LLC v David* 66 Misc3d 1216[A] [Civ Ct, Bronx County 2020]).

Alternatively, for breach of contract in a consumer credit case, a plaintiff may establish *prima facie* entitlement to summary judgment by submitting evidence that: (i) there was an agreement for the issuance of a line of credit; (ii) defendant accepted the agreement by using the credit issued; (iii) defendant made payments thereon; and (iv) defendant subsequently breached the agreement by failing to make the required ensuing payments (*Citibank [S.D.], N.A. v Keskin,* 121 AD3d 635, 636 [2d Dept 2014]; *Midland Funding, LLC v David,* 66 Misc3d 1216[A] [Civ Ct, Bronx County 2020]). In this context, business records are admissible to prove a breach of contract if the party seeking to admit them establishes a proper foundation, to wit, that: (1) the record was made in the regular course of its business; (2) it was the regular course of its business to make said record; and (3) the records were made on or about the time of the event (CPLR § 4518; *Calvary SPV I, LLC v Awumey* 59 Misc3d 1223[A] [Civ Ct, Bronx County 2018]). This foundation must be made by someone with personal knowledge of Plaintiff's business practices and procedures (*Capital One Bank (USA) v Koralik,* 51 Misc3d 74 (App Term, 1st Dept 2016]); *Autovest LLC v Cassamajor,* 195 AD3d 672 [2d Dept 2021]; *cf Citibank, N.A. v Cabera* 130 AD3d 861 [2nd Dept 2015] [where affiant did not attest that she was familiar with plaintiff's record keeping practices and procedures, document inadmissible under hearsay exception]).

Here, Plaintiff failed to establish *prima facie* entitlement to summary judgment on an account stated action as it failed to provide any evidence that it generated account statements for Defendant Garcia in the regular course of business, that it mailed those statements to her on a monthly basis, and that she accepted and retained those statements, without objection, for a reasonable period of time after making partial payments in response thereto (*Citibank [S.D.], N.A. v Keskin,* 121 AD3d at 636). Therefore, its motion for summary judgment on an account stated against Defendant Garcia must be denied.

3

Likewise, Plaintiff failed to establish that it is entitled to summary judgment on its breach of contract claim. Here, Plaintiff submits a document entitled "Retail Instalment Contract" (Plaintiff's Exhibit B). Plaintiff also submits an affidavit from legal assistant Sandi Ostler, who attests that this is "a true and accurate copy of the Contract" between the parties (Affidavit of Sandi Ostler, ¶ 4, attached to Plaintiff's motion). Based on this document, on January 11, 2021, Defendants purchased, from Sparta Auto Group LLC ("Sparta"), a 2012 Honda Accord with 101,391 miles on the odometer. The document also includes the following language:

> USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM OF THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

(Plaintiff's Exhibit B, Retail Instalment Contract, pg. 1). Plaintiff, however, does not include the window form with its motion, nor does it provide an explanation as to why it is not included. Thus, contrary to Plaintiff's sworn statement, Plaintiff has not provided a true and accurate copy of the contract. Therefore, Plaintiff has failed to establish *prima facie* entitlement to summary judgment on its breach of contract claim against Defendant Garcia.

In any event, the purported installment contract submitted by Plaintiff is illegal on its face. The maximum annual interest in New York is 16.00% (General Obligations Law § 5-510[1]; Banking Law §14-1[1]; *Credit Acceptance Corp v Holness*, 80 Misc3d 346, 349 [Civ Ct, Bronx County 2023]), and New York's usury statute prohibits a party from charging, directly or indirectly, an interest rate exceeding that rate (*Seidel v East 18th East 17th St. Owners, Inc.*, 79 NY2d 735, 740 [1992]; General Obligations Law § 5-510[2]; Banking Law §14-a[1]). The usury statute was designed to protect people from predatory lenders, and safeguard desperately poor people from the consequences of their own desperation (*Seidel v East 18th East 17th St. Owners, Inc.*, 79 NY2d at 740). Thus, where a lending agreement has an interest rate in above 16.00%, the contract is void (General Obligations Law § 5-511; *Credit Acceptance Corp v Holness*, 80 Misc3d at 349). The exception to the usuary statute is, as purportedly utilized here, a retail instalment contract (CPLR § 301[5]).

Personal Property Law section 301 governs and defines retail instalment contracts. It provides, in pertinent part, that it is:

4

[* 4]

> . . . an agreement. . . pursuant to which the title to, the property or a security interest in or a lien upon a motor vehicle, which is the subject matter of a retail instalment sale, is retained or taken by a retail seller from a retail buyer as security, in whole or in part, for the buyer's obligation . . .

(Personal Property Law § 301[5]). The retail buyer is the party who purchases the motor vehicle from a retail seller and executes a retail instalment contract in connection therewith: the retail seller is the party who sells the vehicle to the retail buyer under or subject to a retail instalment contract (NY Personal Property Law § 301[2], [3]). Any interest rate agreed upon by the retail buyer and retail seller may be applied with a retail instalment contract (Personal Property Law § 303). A retail seller is authorized to sell its interest in the retail instalment contract to a financing agency (Personal Property Law § 301[3], [9]).

In this case, the retail instalment contract submitted by Plaintiff reveals that Defendants purchased a motor vehicle from Sparta for $13,995.00, plus tax, and a warranty purchase for $1,248.00, thereby financing a total of $16,203.82. The interest applied to the purchase was 22.99% over five years, requiring Defendants to pay $28,089.80 for the purchase of a nine-year-old car with more than 100,000 miles (Plaintiff's Exhibit B) – double the sticker price of the vehicle. The subject contract between the parties is a five-page pre-printed form entitled "Retail Instalment Contract", with pre-printed information regarding Plaintiff at the bottom of each page. Specifically, each page of the purported retail instalment contract has the following pre-printed on it:

> New York Credit Acceptance Corporation (11-16)
> @ 2012 – 2016 Credit Acceptance Corporation.
> All Right Reserved
> The original retail installment contract is assigned to
> Credit Acceptance Corporation
> This copy was created on 01/11/2021

(Plaintiff's Exhibit B, Retail Instalment Contract at pages 1-5). Moreover, although the contract identifies Sparta as the retail seller and Defendants as the retail buyers, both with addresses in Bronx County, the contract has pre-printed language immediately assigning the debt to Plaintiff along with a pre-printed arbitration clause identifying Plaintiff as a party to the transaction. Further, the agreement proclaims that the transaction evidinces interstate commerce and that notices regarding any arbitration must be sent to Plaintiff in the State of Michigan. All of this is

5

bolstered by Plaintiff in its motion through an affirmation from Shelly L. Baldwin, Esq., declaring that Plaintiff and Defendant entered into the retail installment contract, and that Plaintiff provided financing to Defendant for the purchase of the car (Affirmation of Attorney Baldwin, ¶¶ 3-4).

Based on the pre-printed contract form -- which included the Michigan Plaintiff's name, the Michigan Plaintiff's copyright, the Michigan Plaintiff's reservation of rights, and the Michigan Plaintiff as the party to arbitration -- combined with the pre-printed language that the contract is an interstate commerce transaction, despite the fact that the sale of the motor vehicle was in Bronx County between a Bronx County retail seller and two Bronx County retail buyers, it is clear that a retail instalment contract never existed between Defendants and the non-party retail seller Sparta. Rather, the purported instalment contract was specifically designed to conceal that Plaintiff in Michigan was the original lender, and that the Bronx County retail seller was merely a pass-through vehicle so that Plaintiff could charge an exorbitant interest rate of 22.99%, while insulating itself from New York usury laws. Such duplicity cannot be countenanced by this Court.

More accurately, having exceeded the maximum legal interest rate permitted under New York law, this Court finds the contract to be usurious and void, *ab initio* (General Obligations Law 5-511; *Credit Acceptance Corp v Holness*, 80 Misc3d at 353-54). Therefore, the case is dismissed with the prejudice as against Defendant Garcia (*See Credit Acceptance Corp v Holness*, 80 Misc3d 346).

Defendant Acevedo

To succeed on a motion for a default judgment, the moving party must present proof that it effectuated valid service, the other party defaulted, and it has meritorious cause of action to obtain a judgment (CPLR § 3215[a], [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Joosten v Gale*, 129 AD2d 531 [1st Dept 1987]). Although a failure to answer a default motion may constitute an admission of the facts alleged and reasonable inferences may be drawn therefrom (*Rokina Optical Co. v Camera King, Inc.*, 63 NY2d 728, 730 [1984]), the moving party, nonetheless, must establish a *prima facie* case to obtain a judgment (*Id.*; *Gagen v Kipany Productions, Ltd.*, 289 AD2d 844 [3d Dept 2001]). The standard of proof is not stringent, the moving party must submit an affidavit or verified complaint by one with personal knowledge alleging sufficient facts to demonstrate that a viable cause of action exists (*Petty v Law Office of Santorielle*, 200 AD3d 621 [1st Dept 2021]; *Joosten v Gale*, 129 AD2d 531).

6

In this case, to establish that it effectuated valid service, Plaintiff submitted an affidavit from process server Wendys Feliz, who attests that on September 17, 2022, at 12:55 PM, she personally served the subject Summons and Complaint upon a person who identified herself as Defendant Acevedo at 770 Union Avenue, 1B, Bronx, New York 10455 (Plaintiff's Exhibit C, Affidavit of Wendys Feliz). Feliz attests that the person was a female with brown hair and skin, between 25 and 30 years old. She further attests that the person was between 5 feet and 5 feet, 3 inches tall, and weighed about 150 - 174 pounds. In addition, Plaintiff filed an affidavit of Emerald Clarke, a legal assistant, who attests that on March 3, 2023, she mailed the subject default motion in a sealed envelope with prepaid postage by depositing it at a post office or official US Postal Service depository. She further attests that the envelope was addressed to Defendant Acevedo at 770 Union Avenue, 1B, Bronx, New York 10455. In addition, Plaintiff presented proof that Defendant Acevedo is not in the military (Affidavit of Emerald Clarke, attached to Plaintiff's motion). Significantly, the Court records in this case establish that Defendant Acevedo neither appeared, filed an answer, nor requested an extension of time to do so. Based on this evidence, the Court finds that Plaintiff established that it effected valid service of the summons and complaint and default motion on Defendant Acevedo, and she failed to act in response to same. Hence, she defaulted.

The question then turns to whether Plaintiff established a viable cause of action against Defendant Acevedo. For the same reasons the Court denied Plaintiff's summary judgment motion and dismissed this action as against Defendant Garcia, it finds that Plaintiff failed to show that it has a meritorious cause of action to obtain a judgment against Defendant Acevedo. Specifically, having determined that the contract is usurious and void, the action against Defendant Acevedo is dismissed with prejudice.

Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion to strike Defendant Garcia's affirmative defense is *GRANTED*; and it is further

**ORDERED** that Plaintiff's motion for summary judgment against Defendant Garcia is *DENIED*; and it is further

7

**ORDERED** that Plaintiff's motion for a default judgment against Defendant Acevedo is *DENIED*; and it is further

**ORDERED** that Plaintiff's cause of action against both Defendants are *DISMISSED WITH PREJUDICE*: and it is further

**ORDERED** that the Clerk shall enter judgment *DISMISSING THE ACTION WITH PREJUDICE*; and it is further

**ORDERED** that Plaintiff shall serve a copy of the Decision and Order upon Defendant Garcia and Defendant Acevedo, with Notice of Entry, within thirty (30) days of the date hereof.

This constitutes the Decision and Order of this Court.

Dated: October 10, 2023

_____
HON. JOHN A. HOWARD-ALGARIN, J.C.C.



ENTERED

OCT 10 2023

CIVIL COURT
BRONX COUNTY

8

[* 8]