Midland Credit Mgt., Inc. v Sharpe (2024 NY Slip Op 50440(U))

[*1]

Midland Credit Mgt., Inc. v Sharpe

2024 NY Slip Op 50440(U)

Decided on April 15, 2024

Supreme Court, Orange County

Vazquez-Doles, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2024
Supreme Court, Orange County

Midland Credit Management, Inc., Plaintiff,

against
Arzina M Sharpe, Defendant.

Index No. EF004839-2021

Counsel for Plaintiff: Craig Scott Stiller, Esq. Pressler Felt & Warshaw 305 Broadway Ste 505NY NY 10007

Maria S. Vazquez-Doles, J.

The following papers were read on the motion of Plaintiff Midland Credit Management, Inc. (hereafter "Midland") for default judgment pursuant to CPLR 3215:
Notice of Motion/Attorney's Affirmation/Ex. A - H 
........................................1-11
In this action to recover the unpaid balance on a consumer credit card, Plaintiff moves pursuant to CPLR 3215 for leave of a default judgment against the Defendant in the amount of $15,033.74, plus costs and disbursements. No Answer or opposition to this motion has been submitted. For the reasons below the motion is DENIED.
The Court previously denied Motion Seq. #2 for a default judgment. In a Decision and Order dated November 13, 2023, the Court held that Plaintiff had not included the terms of the contract, i.e. the credit card agreement. For that reason, the Court denied Motion Seq. #2. On the instant motion, Plaintiff has now included the terms of the agreement; however, did not submit proof of the other elements to a contract to be successful in a default judgment.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is [*2]required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing (see CPLR 3215[f])." Citibank (S. Dakota), N.A. v. Brown-Serulovic, 97 AD3d 522, 523-524 (2d Dept. 2012). The plaintiff has failed to meet this burden.
In support of its motion, the Plaintiff submits, inter alia, affidavits of service for the summons and complaint, affidavits of service for the notice of motion sent to the Defendant pursuant to CPLR 3215(g); the sworn affidavit of Amy Hanneman, the Original Creditor (Citibank, N.A.) attesting to the Defendant's name; the last four digits of the account number; the date and amount of the charge-off balance; the amounts post-charge-off interest and fees. Moreover, Plaintiff submits their bill of sale for the assignment (from Citibank, N.A. to Plaintiff Midland) and the sworn affidavit of facts by Asia DelCastillo, Midland's Legal Specialist dated August 26, 2021 (see Exhibit E), in which it is stated that the Defendant's account ending in -6934 was assigned to the Plaintiff on September 29, 2020; the amount owed, a total of $15,033.74 as of December 6, 2023; and submission of the unsigned Card Agreement ("Agreement") (see Exhibit E).
The basic tenet of a contract is that there must be an offer, acceptance, mutual intent to be bound, and consideration. The evidence presented to the Court does not prove that there was a contract. In order to recover damages for a breach of contract, Plaintiff must make a prima facie showing by, "tendering sufficient evidence that there was an agreement, which the defendant accepted by his use of a certain credit card issued by the plaintiff and payments made thereon, and which was breached by the defendant when he failed to make the required payments." Citibank (S. Dakota), N.A. v Keskin, 121 AD3d 635 (2d Dept 2014).
Here, Plaintiff's submission of June and July 2020 statements are not sufficient to prove that there was acceptance of the Agreement. The Plaintiff failed to show proof of the underlying debt obligation by not establishing that Defendant accepted and used the credit card. By the Plaintiff only providing the charge off amount and the June and July 2020 statements only showing the alleged balance, Plaintiff did not produce the statements that show the purchase of goods or services that Defendant made. That evidence is needed to establish the element of acceptance in a breach of contract. Additionally with the lack of showing partial payment it cannot establish the element of consideration on the contract.
A Plaintiff may also establish an entitlement to judgment by establishing an account stated. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time or makes partial payment on the account." Citibank (S. Dakota), N.A. v Brown-Serulovic, 97 AD3d 522 (2d Dept 2012).
Here, Plaintiff failed to establish a prima facie showing to recover on an account stated, by not "tendering sufficient evidence that it generated account statements for the defendant in the regular course of business, that it mailed those statements to the defendant on a monthly basis, and that the defendant accepted and retained these statements for a reasonable period of time without objection, and made partial payments thereon." Citibank (S. Dakota), N.A. v Keskin. For an account stated, evidence must show that Defendant unambiguously accepted the terms of the contract by receiving and retaining statements without rejecting it and accepting the terms by making payments. Am. Exp. Centurion Bank v Cutler, 81 AD3d 761, 762 (2d Dept 2011). Typically, a creditor shows this by providing statements from the commencement of the [*3]implied contract to the default to show that the Defendant unambiguously accepted the contract through usage and full and or partial payments to demonstrate a mutual intent to be bound by the Agreement and consideration.
Plaintiff has failed to establish a prima facie claim as a matter of law on its cause of action to recover damages for breach of contract, and has failed to prove an account stated.
Upon view of the foregoing, it is hereby,
ORDERED, that Plaintiff's motion for a default judgment pursuant to CPLR 3215 is DENIED in its entirety. 
Dated: April 15th, 2024
Goshen, New York
ENTER:
HON. MARIA S. VAZQUEZ-DOLES, J.S.C.