■ AMERICAN EXPRESS BANK, FSB, Respondent, v NICHOLAS SCALI, Also Known as NICHOLAS J. SCALI, Individually and Doing Business as JOSEPH SCALI & ASSOCIATES, Also Known as JOSEPH SCALI & ASSOC., Appellant. [36 NYS3d 220]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated March 6, 2015, which granted the plaintiff's motion for summary judgment on the complaint and denied his cross motion, in effect, for summary judgment dismissing the complaint, and (2) a judgment of the same court dated March 11, 2015, which, upon the order dated March 6, 2015, is in favor of the plaintiff and against him in the principal sum of $55,909.69.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this action to recover the outstanding balance of $55,909.69 due on a credit card, the plaintiff alleged causes of action to recover damages for breach of contract and to recover on an account stated. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved, in effect, for summary judgment dismissing the complaint. The Supreme Court granted the motion and denied the cross motion, and we affirm.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on its cause of action to recover damages for breach of contract (*see Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d 522, 523 [2012]; *Citibank [S.D.] N.A. v Sablic*, 55 AD3d 651, 652 [2008]). The plaintiff tendered sufficient evidence that there was a credit card agreement, which the defendant accepted by using the credit card and making payments thereon, and that the agreement was

breached by the defendant when he failed to make required payments (see *Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d at 523; *Citibank [S.D.] N.A. v Sablic*, 55 AD3d at 652; *American Express Bank, FSB v Dechon*, 41 Misc 3d 1226[A], 2013 NY Slip Op 51844[U] [Sup Ct, Queens County 2013]). In opposition, the defendant failed to raise a triable issue of fact (cf. *Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d at 523). The defendant did not deny that the plaintiff had extended him credit, nor did he dispute the accuracy of the charges reflected in the credit card statements. Moreover, his conclusory assertions failed to rebut the presumption of proper mailing established by the plaintiff's proof, which included the credit card statements and a "cardmember agreement" reflecting the same mailing address, as well as a sworn description of the plaintiff's billing practices.

Additionally, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on its cause of action to recover on an account stated. It demonstrated, with evidence in admissible form, that it generated statements for the defendant in the regular course of business and mailed those statements to the defendant on a monthly basis from January 2013 through July 2013, and that the defendant accepted and retained those statements without objection for a reasonable time prior to the commencement of the action (see *American Express Centurion Bank v Gabay*, 94 AD3d 795, 795 [2012]; *American Express Centurion Bank v Williams*, 24 AD3d 577, 578 [2005]; *Citibank v Roberts*, 304 AD2d 901, 902 [2003]). The statements indicated an outstanding balance in the amount of $55,909.69. In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. For the same reasons, the court also properly denied the defendant's cross motion, in effect, for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.