Bank of Am., N.A. v Ball (2020 NY Slip Op 06740)





Bank of Am., N.A. v Ball


2020 NY Slip Op 06740


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-10528
 (Index No. 605041/17)

[*1]Bank of America, N.A., respondent,
v
Ann Ball, appellant.


Ann Ball, St. James, NY, appellant pro se.
Rubin & Rothman, LLC, Islandia, NY (Eric S. Pillischer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 25, 2018. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.
The plaintiff commenced this action to recover damages for breach of contract and on an account stated, alleging that the defendant failed to pay sums due on her credit card account. The plaintiff moved for summary judgment on the complaint, relying on an affidavit by its employee Melinda K. Stephenson, to which were appended amendments to the credit card agreement and monthly billing statements. The Supreme Court granted the plaintiff's motion. The defendant appeals.
"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due" (Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056). The agreement may be express or implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account (see id. at 1056; Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523). In order to establish a prima facie case to recover on an account stated, the plaintiff must establish that it submitted invoices and that the defendant received and retained the invoices without objection for an unreasonable period of time (see Finger & Finger, A Professional Corp. v Buckingham Owners, Inc., 165 AD3d 887, 888).
As no substantial right of the defendant was prejudiced, the Supreme Court properly considered the Stephenson affidavit, despite the lack of the required certificate of conformity (see CPLR 2309[c]; 2001; Capital One, N.A. v Mc Cormack, 183 AD3d 644, 645; Seiden v Sonstein, 127 AD3d 1158, 1161-1162). Further, the Stephenson affidavit laid a proper foundation for admission as business records of the amendments to the credit card agreement and the monthly billing statements (see CPLR 4518[a]; PennyMac Corp. v Arora, 184 AD3d 652). However, no evidence that those documents were mailed to the defendant was provided. Stephenson did not attest to [*2]personal knowledge of the mailings or of a standard office practice and procedure designed to ensure that items were properly addressed and mailed, and the business records did not evince the mailing of the account documents (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
Absent evidence that the billing statements were mailed to the defendant, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated (see Morrison Cohen Singer & Weinstein, LLP v Brophy, 19 AD3d 161, 162; cf. American Express Bank, FSB v Scali, 142 AD3d 517, 518). Similarly, absent evidence that the amendments to the credit card agreement were mailed to the defendant, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the breach of contract cause of action (see Citibank [S.D.], N.A. v Zaharis, 2011 NY Slip Op 33285[U], *4 [Sup Ct, Queens County]; Citibank [S.D.], N.A. v Martin, 11 Misc 3d 219, 223 [Civ Ct, NY County]; cf. American Express Bank, FSB v Scali, 142 AD3d at 518). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.
The defendant's remaining contentions need not be reached in light of our determination.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court