US Bank N.A. v Lawrence (2021 NY Slip Op 01087)





US Bank N.A. v Lawrence


2021 NY Slip Op 01087


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-10960
 (Index No. 28095/07)

[*1]US Bank National Association, etc., respondent,
v
Wilbert Lawrence, appellant, et al., defendants.


Davis, Ndanusa, Ikhlas & Saleem, LLP, Brooklyn, NY (Mustapha Ndanusa of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Melissa A. Brown of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wilbert Lawrence appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated July 16, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated March 13, 2018, denying those branches of that defendant's motion which were pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and pursuant to CPLR 3012(d) and 2004 for leave to serve and file a late answer, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
Contrary to the appellant's contentions, he failed to establish that he did not receive actual notice of the summons in time to defend the action pursuant to CPLR 317, or that he had a reasonable excuse for his delay in appearing or answering the complaint pursuant to CPLR 3012(d) (see Greenwood Realty Co. v Katz, 187 AD3d 1153, 1154; HSBC Bank USA v Desrouilleres, 128 AD3d 1013, 1015).
Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and pursuant to CPLR 3012(d) and 2004 to serve and file a late answer.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court