Turnwood Assoc., LLC v Sutton Hay Day, Inc. (2021 NY Slip Op 02007)





Turnwood Assoc., LLC v Sutton Hay Day, Inc.


2021 NY Slip Op 02007


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2009-08359
 (Index No. 22699/08)

[*1]Turnwood Associates, LLC, appellant,
v
Sutton Hay Day, Inc., et al., respondents.


Rosenberg Calica & Birney LLP, Garden City, NY (Ronald J. Rosenberg of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for breach of a lease and to recover on a guaranty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered August 19, 2009. The order denied the plaintiff's motion, in effect, for summary judgment on the issue of liability and dismissing the counterclaim to recover damages for actual or constructive eviction.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, in effect, for summary judgment on the issue of liability and dismissing the counterclaim to recover damages for actual or constructive eviction is granted.
The plaintiff owns a shopping center in Woodbury. In August 1995, the plaintiff entered into a 20-year lease with Sutton Woodbury, Inc. (hereinafter Sutton Woodbury), whereby the plaintiff leased a portion of the shopping center (hereinafter the premises) to Sutton Woodbury. The defendant Sutton Place Gourmet, Inc., guaranteed the tenant's obligations under the lease. In August 1996, Sutton Woodbury assigned its interest in the lease to the defendant Sutton Hay Day, Inc. On November 14, 2003, pursuant to Delaware General Corporation Law (hereinafter DGCL) § 266, Sutton Hay Day, Inc., and Sutton Place Gourmet, Inc., were converted to the defendant Sutton Hay Day, LLC, and the defendant Sutton Place Gourmet, LLC, respectively.
The store located at the premises was closed in approximately September 2001. However, rent continued to be paid on the premises until November 2008. In December 2008, the plaintiff commenced this action to recover damages for breach of the lease and to recover on the guaranty, alleging, among other things, that the tenant defaulted under the terms of the lease by failing to pay rent due thereunder. The defendants interposed an answer in which they asserted a counterclaim to recover damages for actual or constructive eviction. The plaintiff moved, in effect, for summary judgment on the issue of liability and dismissing the counterclaim. The Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, signed copies of the lease and guaranty, as well as evidence that rent was not paid as required under the terms of the lease (see VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d 614, 615), and evidence that it did not oust the tenant from physical possession of the premises or substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82-83; Sapp v [*2]Propeller Co., 5 AD3d 181, 182).
In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the conversion of Sutton Hay Day, Inc., and Sutton Place Gourmet, Inc., to Sutton Hay Day, LLC, and Sutton Place Gourmet, LLC, respectively, did not result in an assignment of the lease that violated the terms of the lease. "The State of Delaware considers a converted entity to be the same entity as the original" (Progme Corp. v Comcast Cable Communications LLC, 2017 WL 5070723, *5, 2017 US Dist LEXIS 182484, *12 [ED Penn, Nov. 3, 2017, Civil Action No. 17-1488]; see DGCL § 266[h]). Accordingly, Sutton Hay Day, LLC, and Sutton Place Gourmet, LLC, are merely a "continuation of the existence of" Sutton Hay Day, Inc., and Sutton Place Gourmet, Inc., respectively, "under a different name and in a different form" (Lucent Technologies, Inc. v Tatung Co., 2003 WL 402539, *2, 2003 US Dist LEXIS 2447, *4 [SD NY, February 20, 2003, No. 02 Civ. 8107 (JSR)] [internal quotation marks omitted]), and no assignment of the lease to another entity took place.
There is no merit to the defendants' contention that the plaintiff's motion should have been denied as premature. A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant (see CPLR 3212[f]; Reynolds v Avon Grove Props., 129 AD3d 932, 933; Burlington Ins. Co. v Casur Corp., 123 AD3d 965, 965-966; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768). Here, the defendants failed to make such a showing.
Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, for summary judgment on the issue of liability and dismissing the counterclaim to recover damages for actual or constructive eviction.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court