U.S. Bank Trust, N.A. v Manasia (2022 NY Slip Op 03271)





U.S. Bank Trust, N.A. v Manasia


2022 NY Slip Op 03271


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-08443
 (Index No. 605122/17)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Anthony Manasia, etc., et al., defendants, Lisa Iannacci Manasia, appellant.


Wenig Saltiel LLP, Brooklyn, NY (Dan M. Blumenthal of counsel), for appellant.
Cohn & Roth, LLC, Mineola, NY (Michael Nayar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa Iannacci Manasia appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered June 5, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 317 and 5015(a)(3) and (4) to vacate a judgment of foreclosure and sale dated January 29, 2019, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Anthony Manasia (hereinafter Anthony) and Lisa Iannacci Manasia (hereinafter Lisa) executed a note that was secured by a mortgage on certain residential property. The plaintiff later commenced this action to foreclose the mortgage. Anthony answered the complaint, and a judgment of foreclosure and sale was issued. Lisa subsequently moved, inter alia, pursuant to CPLR 317 and 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The Supreme Court denied the motion. Lisa appeals.
A process server averred that he served Lisa with the summons and complaint pursuant to CPLR 308(2) by delivering a copy to Anthony, a person of suitable age and discretion at Lisa's residence, and mailing a second copy to that address. Contrary to Lisa's contention, she failed to rebut the presumption of proper service established by the process server's affidavit so as to necessitate an evidentiary hearing. Lisa failed to substantiate the alleged discrepancies between the appearance of Anthony and the description of Anthony provided by the process server (see Bank of Am., N.A. v Teodorescu, 187 AD3d 831, 832; Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648; GMAC Mtge., LLC v Eberle, 172 AD3d 822, 824). Accordingly, the Supreme Court properly denied, without a hearing, those branches of Lisa's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
Also contrary to Lisa's contention, she failed to demonstrate her entitlement to relief [*2]pursuant to CPLR 317, as she admitted that she had actual notice of the summons in time to defend the action (see US Bank N.A. v Lawrence, 191 AD3d 929; U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1650; Dunn v Law Offs. of Evans & Al-Shabazz, LLP, 189 AD3d 776, 779), and moreover, she failed to demonstrate a potentially meritorious defense to the action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court