American Express Natl. Bank v Saadati (2022 NY Slip Op
51103(U))

[*1]

American Express Natl. Bank v Saadati

2022 NY Slip Op 51103(U) [77 Misc 3d 126(A)]

Decided on October 14, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-806 N C

American Express National Bank,
Respondent,
against
Masoud Saadati, Individually and Doing Business as EZRider,
Appellant, EZRider, Defendant. 

Masoud Saadati, appellant pro se.
American Express Legal Dept., for respondent (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (Robert
E. Pipia, J.), dated November 19, 2021. The order, insofar as appealed from, granted the
branches of plaintiff's motion seeking summary judgment on its causes of action for
breach of a credit card agreement and on an account stated against defendant Masoud
Saadati.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
the branches of plaintiff's motion seeking summary judgment on its causes of action for
breach of a credit card agreement and on an account stated against defendant Masoud
Saadati are denied.
In this action to recover the principal sum of $12,576.64 for breach of a credit card
agreement, unjust enrichment and on an account stated, plaintiff moved for summary
judgment. Mehdi Touhidi, plaintiff's custodian of records, submitted a supporting
affidavit wherein he stated that he had personal knowledge of plaintiff's regular practices
and procedures with respect to the transmittal of billing statements and of the quality
assurance controls plaintiff utilized to ensure that such transmittals were properly made;
that plaintiff "sends or otherwise makes available monthly billing statements to
cardmembers who carry a balance"; and that, based on his personal knowledge, plaintiff
provides "periodic account statements to its customers." Touhidi also stated that
plaintiff's cardmember agreements permit plaintiff to change their terms from time to
time and that plaintiff advises cardholders of changes through change-in-terms notices
[*2]which it either mails separately to its cardmembers or
includes in monthly billing statements. He further stated that, in December 2016,
defendants had opened a credit card account with plaintiff's predecessor entity, American
Express Bank, FSB; that the last payment to defendants' account had been $350 paid in
March 2020; that, on or about September 10, 2020, plaintiff had mailed an account
statement to defendants at defendants' last known address, which statement set forth an
amount due of $12,576.64; and that plaintiff's records did not reflect that the statement
had been returned to plaintiff by the post office or that defendants had objected to it.

Plaintiff provided a copy of the December 19, 2016 cardmember agreement for
defendants, for an account ending in the digits "1000," a statement addressed to
defendants for the period ended March 11, 2020 for an account ending in the digits
"2008," which statement listed charges made between February 17, 2020 and March 2,
2020 that totaled $263.83 and a $350 payment made on March 2, 2020, and a copy of its
final statement to defendants on the account ending in the digits "2008" for the period
ended September 10, 2020, which showed an outstanding balance of $12,576.64.
Defendant Masoud Saadati opposed plaintiff's motion, stating that he did not recall
having made an agreement with plaintiff. Masoud Saadati appeals from so much of an
order of the District Court (Robert E. Pipia, J.) dated November 19, 2021 as granted the
branches of plaintiff's motion seeking summary judgment against Saadati on plaintiff's
causes of action for breach of a credit card agreement and on an account stated.
Plaintiff established that there was a credit card agreement, which defendants
accepted by using the card and making at least one payment thereon (see American Express Bank, FSB v
Scali, 142 AD3d 517, 517-518 [2016]; see also Citibank [South Dakota], N.A. v Keskin, 121 AD3d
635, 636 [2014]; Bank of
Am., N.A. v Reed, 59 Misc 3d 133[A], 2018 NY Slip Op 50478[U] [App Term,
2d Dept, 9th & 10th Jud Dists 2018]). However, Touhidi failed to attest to personal
knowledge that account statements were mailed to defendants; nor did he attest to a
standard office practice and procedure designed to ensure that items were properly
addressed and mailed. Moreover, the records plaintiff submitted in support of its motion
did not establish that account statements had been mailed to defendants. Plaintiff thus
failed to establish its prima facie entitlement to judgment against defendant Masoud
Saadati as a matter of law on its cause of action to recover on an account stated (see Bank of Am., N.A. v Ball,
188 AD3d 974, 975 [2020]; see also Morrison Cohen Singer & Weinstein, LLP v
Brophy, 19 AD3d 161, 162 [2005]). 
Similarly, Touhidi failed to attest to personal knowledge that amendments to the
cardholder agreement, if any, had been mailed to defendants or to a standard office
practice and procedure designed to ensure that any such amendments had been properly
addressed and mailed to defendants (see Bank of Am., N.A. v Ball, 188 AD3d at
975). Furthermore, the cardholder agreement upon which plaintiff relies bears a number
ending in the digits 1000, but the statement on which plaintiff seeks a recovery ends in
the digits 2008. Touhidi only addressed this discrepancy in conclusory terms, without
discussing whether the new account number carried different terms from the old account
number or whether defendants had explicitly or implicitly agreed to be bound under the
agreement that ended in the digits 2008. We thus conclude that plaintiff failed to
establish its prima facie entitlement to judgment against defendant Masoud Saadati as a
matter of law on the breach of contract cause of action.
Accordingly, the order, insofar as appealed from, is reversed and the branches of
[*3]plaintiff's motion seeking summary judgment on its
causes of action for breach of a credit card agreement and on an account stated against
defendant Masoud Saadati are denied.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 14, 2022