American Express Natl. Bank v Hoffman (2022 NY Slip Op 06779)

American Express Natl. Bank v Hoffman

2022 NY Slip Op 06779

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-04070
 (Index No. 30281/20)

[*1]American Express National Bank, respondent,
v
Mordechai Hoffman, etc., appellant.

The Zweig Law Firm, P.C., Woodmere, NY (Jonah S. Zweig of counsel), for appellant.
Jaffe & Asher LLP, New York, NY (Rocco Luisi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated April 29, 2021. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this breach of contract action against the defendant to recover the outstanding balance due on a credit card issued by the plaintiff, and thereafter moved for summary judgment on the complaint. In an order dated April 29, 2021, the Supreme Court granted the plaintiff's motion. The defendant appeals.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law with evidence that there was a credit card agreement (hereinafter the cardmember agreement), which the defendant accepted by using the credit card and making payments thereon, and that the cardmember agreement was breached by the defendant when he failed to make the payments required (see American Express Bank, FSB v Scali, 142 AD3d 517, 517-518; Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 524; see also Bank of Am., N.A. v Ball, 188 AD3d 974). Although the affidavit submitted by the plaintiff in support of its motion was notarized outside of New York State and not accompanied by a certificate in conformity with CPLR 2309(c), this was not a fatal defect (see id. § 2001; Midfirst Bank v Agho, 121 AD3d 343, 352; U.S. Bank N.A. v Dellarmo, 94 AD3d 746, 747).
In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The defendant admitted in his affidavit, submitted in opposition, that he had been using the credit card issued by the plaintiff since 2006 and had made payments thereon, and he did not deny the accuracy of any of the charges reflected in the billing statements submitted by the plaintiff or that he had received the cardmember agreement and billing statements. The defendant's general contention that a billing dispute arose between the parties in 2019, which has not been accounted for by the plaintiff, is bald and conclusory, and raised only a feigned issue of fact (see Laskaratos v Bay Ridge Hoyt Lender, LLC, 185 AD3d 908, 910). To the extent that the defendant argued in opposition to the plaintiff's motion that he is entitled to a set-off [*2]for the value of rewards points he alleged that he lost when the plaintiff cancelled the credit card, the defendant waived this defense by failing to assert it in his answer (see CPLR 3018[b]; Cenlar FSB v Tenenbaum, 172 AD3d 806, 807).
The defendant's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court