Alliance Natl. Ins. Co. v Hagler (2023 NY Slip Op 04648)

Alliance Natl. Ins. Co. v Hagler

2023 NY Slip Op 04648

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-09344
 (Index No. 602036/18)

[*1]Alliance National Insurance Company, respondent,
v
Daryl Hagler, et al., appellants.

Lipsius-Benhaim Law, LLP, Kew Gardens, NY (Ira S. Lipsius and Alexander J. Sperber of counsel), for appellants.
New York Liquidation Bureau, New York, NY (Donald N. Cohen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the defendants appeal from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 22, 2019. The judgment, upon an order of the same court entered July 11, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint and for a judgment declaring that the defendants Bridge Healthcare, LLC, Church Healthcare, LLC, and White Horse Healthcare, LLC, are contractually obligated to remit payments to the plaintiff for "Loss Funding obligations" as those payments become due, is in favor of the plaintiff and against the defendant Daryl Hagler in the total sum of $1,504,099.17, in favor of the plaintiff and against the defendant CareRide Paratransit, LLC, in the total sum of $253,095.45, in favor of the plaintiff and against the defendants Bridge Healthcare, LLC, Church Healthcare, LLC, and White Horse Healthcare, LLC, in the total sum of $968,174.17, and in favor of the plaintiff and against the remaining defendants in the total sum of $536,139.52.
ORDERED that the judgment is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and for a judgment declaring that the defendants Bridge Healthcare, LLC, Church Healthcare, LLC, and White Horse Healthcare, LLC, are contractually obligated to remit payments to the plaintiff for "Loss Funding obligations" as those payments become due, are denied, and the order entered July 22, 2019, is modified accordingly.
In February 2018, the plaintiff commenced this action to recover damages for breach [*2]of contract and on an account stated, alleging, inter alia, that the defendants failed to make certain payments due under Workers' Compensation and Employers' Liability policies. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint and for a judgment declaring that the defendants Bridge Healthcare, LLC, Church Healthcare, LLC, and White Horse Healthcare, LLC (hereinafter collectively the Innova defendants), are contractually obligated to remit payments to the plaintiff for "Loss Funding obligations" as those payments become due. In an order entered July 11, 2019, the Supreme Court granted the plaintiff's motion. On July 22, 2019, the court entered a judgment in favor of the plaintiff and against the defendants. The defendants appeal.
"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due" (Bank of Am., N.A. v Ball, 188 AD3d 974, 974 [internal quotation marks omitted]). "The agreement may be express or implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (id. at 974). "In order to establish a prima facie case to recover on an account stated, the plaintiff must establish that it submitted invoices and that the defendant received and retained the invoices without objection for an unreasonable period of time" (id.).
Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on its causes of action to recover on an account stated, as the plaintiff failed to present evidence showing that the plaintiff's invoices for the amounts at issue were mailed to and received by the defendants (see Simplex Grinnell, LP v Ruby Weston Manor, 59 AD3d 610, 611). In support of its motion, the plaintiff submitted an affidavit from its underwriting manager regarding the mailing of invoices. However, the affiant did not attest to personal knowledge of the mailings or of a standard office practice and procedure designed to ensure that items were properly addressed and mailed (see Bank of Am., N.A. v Ball, 188 AD3d at 975). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover on an account stated, regardless of the sufficiency of the defendants' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (223 SAM, LLC v 223 15th St., LLC, 210 AD3d 733, 734-735). Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the causes of action to recover damages for breach of contract. With respect to the Innova defendants, the plaintiff failed to demonstrate, prima facie, that it had properly calculated the premiums due on the policy issued to those defendants (see Arch Ins. Co. v Petrocelli Elec. Co., Inc., 196 AD3d 413, 414; Safeguard Ins. Co. v Tetz & Sons, 271 AD2d 516, 516-517). Further, the plaintiff failed to demonstrate, prima facie, that the remaining defendants had a contractual obligation to pay administrative fees, as those defendants' policies did not include any obligation to pay the administrative fees. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the breach of contract causes of action, regardless of the sufficiency of the defendants' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Furthermore, the Supreme Court should have denied that branch of the plaintiff's motion which was for a judgment declaring that the Innova defendants are contractually obligated to remit payments to the plaintiff for "Loss Funding obligations" as those payments become due, as [*3]the plaintiff did not request such relief or any declaratory relief in the pleadings (see Matter of Mount Olive Baptist Church of Manhasset, 178 AD3d 1051, 1052; Chemtob v Il Padrone Constr. II, LLC, 149 AD3d 900, 902-903).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court