Brooker Engg., PLLC v SK Trust (2023 NY Slip Op 04747)

Brooker Engg., PLLC v SK Trust

2023 NY Slip Op 04747

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2021-01538
2021-04603
 (Index No. 31091/19)

[*1]Brooker Engineering, PLLC, respondent,
v
SK Trust, et al., appellants.

Bleichman and Klein, Spring Valley, NY (Joshua N. Bleichman of counsel), for appellants.
Samuel L. Newman, Putnam Valley, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated January 29, 2021, and (2) a judgment of the same court dated June 14, 2021. The order, insofar as appealed from, denied the defendants' motion for summary judgment on their counterclaims and pursuant to CPLR 3211(a) to dismiss the complaint, granted those branches of the plaintiff's cross-motion which were for summary judgment on the first, third, and fourth causes of action, and granted that branch of the plaintiff's cross-motion which was, in effect, for summary judgment dismissing the counterclaims. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the principal sum of $34,914.68, and dismissing the counterclaims.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants answered and asserted counterclaims. Thereafter, the defendants moved for summary judgment on their counterclaims and pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff cross-moved, among other things, for summary judgment on the first, third, and fourth causes of action, and, in effect, for summary judgment dismissing the counterclaims. In [*2]an order dated January 29, 2021, the Supreme Court, inter alia, denied the defendants' motion and granted the above-referenced branches of the plaintiff's cross-motion. A judgment dated June 14, 2021, upon the order, was entered in favor of the plaintiff and against the defendants. The defendants appeal.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. Assuming the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference, the plaintiff set forth cognizable causes of action, including a cognizable cause of action to recover damages for breach of contract (see Law Offs. of Harry J. Binder & Charles E. Binder, P.C. v Fraga, 207 AD3d 455, 456). Additionally, some of the evidence submitted by the defendants in support of their motion did not constitute documentary evidence within the meaning of CPLR 3211(a)(1), and, in any event, the defendants' submitted evidence failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see id.).
In light of the defendants' failure to establish their prima facie entitlement to judgment as a matter of law on their counterclaims, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on their counterclaims, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted those branches of the plaintiff's cross-motion which were for summary judgment on the first, third, and fourth causes of action. These causes of action were to recover damages for breach of contract and to recover interest and attorneys' fees pursuant to the contract, respectively. To recover damages for breach of contract, a plaintiff must demonstrate "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 133 AD3d 638, 639). In opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law on these causes of action, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court also properly granted that branch of the plaintiff's cross-motion which was, in effect, for summary judgment dismissing the counterclaims. In opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law dismissing the counterclaims, the defendants failed to raise a triable issue of fact (see id.).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment on their counterclaims and pursuant to CPLR 3211(a) to dismiss the complaint, and properly granted those branches of the plaintiff's cross-motion which were for summary judgment on the first, third, and fourth causes of action, and, in effect, for summary judgment dismissing the counterclaims.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court