American Express Natl. Bank v Belciu-Kerns (2024 NY Slip Op 02292)

American Express Natl. Bank v Belciu-Kerns

2024 NY Slip Op 02292

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-00354
 (Index No. 500114/20)

[*1]American Express National Bank, respondent,
v
Roxana Belciu-Kerns, etc., et al., appellants.

Ralph A. Erbaio, Carmel, NY, for appellants.
Zwicker & Associates, P.C., Rochester, NY (Jason Verhagen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Putnam County (Gina C. Capone, J.), dated December 27, 2021. The judgment, upon an order of the same court dated December 20, 2021, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendants in the principal sum of $67,295.27.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this breach of contract action against the defendants to recover the outstanding balance due on a credit card issued by the plaintiff to the defendants. The plaintiff thereafter moved for summary judgment on the complaint. In an order dated December 20, 2021, the Supreme Court granted the plaintiff's motion. A judgment dated December 27, 2021, was subsequently entered upon the order. The defendants appeal.
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law with evidence that there was a credit card agreement (hereinafter the cardmember agreement), which the defendants accepted by using the credit card and making payments thereon, and that the cardmember agreement was breached by the defendants when they failed to make the required payments (see American Express Natl. Bank v Hoffman, 210 AD3d 1039, 1040; American Express Bank, FSB v Scali, 142 AD3d 517, 517-518; American Express Bank, FSB v Dechon, 41 Misc 3d 1226[A], 2013 NY Slip Op 51844[U] [Sup Ct, Queens County]). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Brooker Engg., PLLC v SK Trust, 219 AD3d 1479, 1481).
The plaintiff's interest rate was not usurious. Since the plaintiff is a national bank headquartered in Utah, the 27.24% interest rate it charged was permissible despite the fact that it exceeded the maximum amount permitted under the laws of New York for locally chartered banks (see National Bank Act, 12 USC § 85; Marquette Nat. Bank of Minneapolis v First of Omaha Service Corp., 439 US 299, 313; Federal Deposit Ins. Corp. v Park Lane Realty Assoc., 72 AD2d 788, 789; Madden v Midland Funding, LLC, 786 F3d 246, 250 [2d Cir]).
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court