Crossroads Assoc., L.P. v Skyline Risk Mgt., Inc. (2024 NY Slip Op 03729)

Crossroads Assoc., L.P. v Skyline Risk Mgt., Inc.

2024 NY Slip Op 03729

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-05264
 (Index No. 608750/22)

[*1]Crossroads Associates, L.P., appellant, 
v
Skyline Risk Management, Inc., et al., respondents.

Lane T. Maxson Law PLLC, Smithtown, NY, for appellant.
Liolis & Katsihtis, LLP, Long Island City, NY (Harry Liolis of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered April 27, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendants' fifteenth affirmative defense and for an immediate trial to determine the amount of legal fees as additional damages.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 3, 2018, the defendant Skyline Risk Management, Inc. (hereinafter Skyline), as tenant, entered into a lease agreement with the plaintiff, as landlord, for the rental of premises located in Great Neck. In connection with the lease, the defendant George Menexas executed a personal guaranty. The lease provided that Skyline would be responsible for holdover rent if it did not "vacate the premises upon the expiration date" of the lease, which was October 31, 2021.
In July 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of the lease, alleging that Skyline stopped paying rent in November 2020 and failed to vacate the premises until June 15, 2022. In November 2022, the plaintiff moved, among other things, for summary judgment on the complaint and dismissing the defendants' fifteenth affirmative defense, alleging that Skyline vacated and/or surrendered the premises on or before October 31, 2021, and for an immediate trial to determine the amount of legal fees as additional damages. The Supreme Court denied those branches of the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendants' fifteenth affirmative defense. The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, among other things, the lease, an affidavit of the plaintiff's agent, who averred that Skyline failed to pay the rent due under the lease and failed to surrender the premises until June 15, 2022, and a stipulation dated June 15, 2022, pursuant to which Skyline agreed to "the immediate surrender of possession" of the premises (see Domecq Realty, LLC v Great Spot, Ltd., 224 AD3d 884; Turnwood Assoc., LLC v Sutton Hay Day, Inc., 192 AD3d 1173). In opposition, however, the [*2]defendants raised a triable issue of fact as to the date that Skyline vacated the premises by submitting Menexas's affidavit, in which he averred that Skyline had vacated the premises as of October 31, 2021.
The defendants also demonstrated that the plaintiff's motion was premature with respect to the issues of whether Skyline's president, who died in 2020, and the plaintiff's representative entered into an oral agreement regarding the adjustment of the monthly rent due to the COVID-19 pandemic and, if so, whether there was partial performance "unequivocally referable to the oral modification," which would render the oral modification enforceable in light of the merger clause contained in the lease agreement (Rose v Spa Realty Assoc., 42 NY2d 338, 343; see Rubin v Napoli Bern Ripka Shkolnik, LLP, 179 AD3d 495, 497). The defendants demonstrated that further discovery may result in the disclosure of evidence relevant to these issues (see CPLR 3212[f]; Sepulveda v Cammeby's Mgt. Co., LLC, 119 AD3d 927).
In light of our determination, we need not address the plaintiff's remaining contention.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court