JER Realty, LLC v Pick & Pack Hub, LLC (2025 NY Slip Op 01793)

JER Realty, LLC v Pick & Pack Hub, LLC

2025 NY Slip Op 01793

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-06986 
2023-07255
 (Index No. 524788/20)

[*1]JER Realty, LLC, respondent, 
v
Pick and Pack Hub, LLC, et al., appellants.

Lazarus & Lazarus, P.C., New York, NY (Harlan M. Lazarus of counsel), for appellants.
The Dweck Law Firm LLP, New York, NY (H.P. Sean Dweck and Rourke T. Feinberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 19, 2023, and (2) a judgment of the same court entered May 25, 2023. The order dated April 19, 2023, granted the plaintiff's motion for leave to reargue its prior motion for summary judgment on the complaint, which had been denied in an order of the same court dated May 27, 2022, and, upon reargument, in effect, vacated the order dated May 27, 2022, and thereupon, granted the plaintiff's prior motion. The judgment, upon the order dated April 19, 2023, is in favor of the plaintiff and against the defendant Pick and Pack Hub, LLC, in the total sum of $292,635.33 and the defendant Kidz Concepts, LLC, in the total sum of $107,505.08.
ORDERED that the appeal from the order dated April 19, 2023, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated April 19, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248; Brooker Engg., PLLC v SK Trust, 219 AD3d 1479, 1480). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action against the defendants, Pick and Pack Hub, LLC (hereinafter Pick and Pack), and Kidz Concepts, LLC (hereinafter Kidz Concepts), to recover damages for breach of contract and to recover on a guaranty executed by Kidz Concepts, alleging that Pick and Pack defaulted on a lease between it and the plaintiff by failing to pay rent through the end of the lease term. The plaintiff moved for summary judgment on the complaint. In an order dated May 27, 2022 (hereinafter the May 2022 order), the Supreme Court denied the plaintiff's [*2]motion.
Subsequently, the plaintiff moved for leave to reargue its motion for summary judgment on the complaint. In an order dated April 19, 2023 (hereinafter the 2023 order), the Supreme Court granted leave to reargue and, upon reargument, in effect, vacated the May 2022 order, and thereupon, granted the plaintiff's prior motion for summary judgment on the complaint. The court entered a judgment in favor of the plaintiff and against Pick and Pack in the total sum of $292,635.33 and against Kidz Concepts in the total sum of $107,505.08. The defendants appeal.
As an initial matter, contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff leave to reargue its motion for summary judgment on the complaint (see Christopulos v Christopulos, 209 AD3d 968, 969; Fuessel v Chin, 179 AD3d 899, 900-901).
The Supreme Court also properly determined, upon reargument, that the plaintiff was entitled to summary judgment on the complaint. The elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Fuoco Group, LLP v Weisman & Co., 222 AD3d 619, 621 [internal quotation marks omitted]). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting, among other things, signed copies of the lease and guaranty and an affidavit of its managing member who averred that the defendants defaulted on rental payments and additional fees owed under the lease (see Domecq Realty, LLC v Great Spot, Ltd., 224 AD3d 884, 885; Turnwood Assoc., LLC v Sutton Hay Day, Inc., 192 AD3d 1173, 1174).
In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the email communications between the plaintiff and the defendants did not constitute a modification of the lease agreement. To establish the modification of a contract, a party must prove "each element requisite to the formulation of a contract, including mutual assent to its terms" (Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350, 354; see Lawrence M. Kamhi, M.D., P.C. v East Coast Pain Mgt., P.C., 177 AD3d 726, 726-727). Here, there was no indication in the emails between the parties that the plaintiff assented to a modification of the lease term (see Lawrence M. Kamhi, M.D., P.C. v East Coast Pain Mgt., P.C., 177 AD3d at 726-727; Beacon Term. Corp. v Chemprene, Inc., 75 AD2d at 353).
Moreover, the emails between the parties were insufficient to create a triable issue of fact as to whether the plaintiff intended to waive any rent or additional fees owed by the defendants under the lease (see Tutor Perini Corp. v State of New York, 209 AD3d 692, 697, citing Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104).
The plaintiff also established its contractual entitlement to attorneys' fees by submitting a copy of the lease, which included a provision for attorneys' fees in the event of a tenant default (see CSI Group, LLP v Harper, 153 AD3d 1314, 1321; 8109 Pizzeria of N.Y., Inc. v Polo Pizza One Corp., 67 AD3d 627, 629), and the defendants failed to raise a triable issue of fact in opposition (see Tutor Perini Corp. v State of New York, 209 AD3d at 697).
The defendants' remaining contentions are improperly raised for the first time in reply.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court