Bank of Am., N.A. v McKeon (2025 NY Slip Op 04617)

Bank of Am., N.A. v McKeon

2025 NY Slip Op 04617

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-10561
 (Index No. 500837/21)

[*1]Bank of America, N.A., respondent, 
v
Gregory Howard McKeon, appellant.

Gregory H. McKeon, named herein as Gregory Howard McKeon, Danbury, Connecticut, appellant pro se.
Mullooly, Jeffrey, Rooney & Flynn, LLP, Syosset, NY (Kerri S. Flynn of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the defendant appeals from a judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), entered October 24, 2022. The judgment, upon an order of the same court dated October 17, 2022, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendant in the principal sum of $8,799.35.
ORDERED that the judgment is affirmed, with costs.
In June 2021, the plaintiff commenced this action against the defendant to recover the outstanding balance due on a line of credit. In July 2021, the defendant answered the complaint and asserted the affirmative defense of lack of personal jurisdiction, contending that he had not been properly served with the summons and complaint. In June 2022, the plaintiff moved for summary judgment on the complaint. In an order dated October 17, 2022, the Supreme Court granted the plaintiff's motion. Thereafter, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $8,799.35. The defendant appeals.
The Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. The plaintiff established, prima facie, that there was a credit card agreement, which the defendant accepted by using the credit card and making payments thereon, and that the defendant breached the agreement when he failed to make the required payments (see American Express Natl. Bank v Hoffman, 210 AD3d 1039, 1039-1040; American Express Bank, FSB v Scali, 142 AD3d 517, 517-518).
Additionally, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the cause of action to recover on an account stated by demonstrating that it generated monthly account invoices in the regular course of business, that it mailed them to the defendant on a monthly basis, and that the defendant accepted and retained those invoices without objecting to them within a reasonable period of time and made partial payment thereon (see Cach, LLC v Aspir, 137 AD3d 1065, 1066; Citibank [South Dakota], N.A. v Keskin, 121 AD3d 635, 636).
In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; American Express Natl. Bank v Hoffman, 210 AD3d at 1040). The defendant did not deny that the plaintiff had extended him credit, that the charges reflected in the monthly statements were accurate, or that he had received the monthly statements. Rather, the defendant contends only that the Supreme Court lacked personal jurisdiction over him since he allegedly was not properly served with the summons and complaint. As an initial matter, "an objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d 549, 553 [internal quotation marks omitted]; see CPLR 3211[e]; U.S. Bank N.A. v Roque, 172 AD3d 948, 950). Here, the defendant waived the defense of lack of personal jurisdiction on the basis of improper service of process as he failed to move for judgment on that ground within 60 days after serving his answer and otherwise failed to show undue hardship (see CPLR 3211[e]). Although CPLR 3211(e) was amended to provide that the rule requiring the defendant to move for judgment within 60 days "shall not apply in any proceeding to collect a debt arising out of a consumer credit transaction where a consumer is a defendant" (CPLR 3211[e]), that amendment was not in effect at the time this action was commenced (see L 2021, ch 593, § 8 [eff May 7, 2022]), and the defendant does not contend that the amendment should apply retroactively. In any event, the defendant failed to rebut the presumption of proper service created by the process server's affidavit (see U.S. Bank Trust, N.A. v Manasia, 205 AD3d 968, 969; U.S. Bank N.A. v Rauff, 205 AD3d 963, 965).
The defendant's remaining contention is improperly raised for the first time in his reply brief.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court