American Express Natl. Bank v Zelkovitz (2025 NY Slip Op 04857)

American Express Natl. Bank v Zelkovitz

2025 NY Slip Op 04857

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-00184
2025-08829
 (Index No. 520055/19)

[*1]American Express National Bank, respondent,
v
Chaim Zelkovitz, et al., appellants.

YurowitzLaw PLLC, New York, NY (Steven Y. Yurowitz and William J. Dobie of counsel), for appellants.
Jaffe & Asher LLP, New York, NY (Rocco Luisi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendants appeal from two orders of the Supreme Court, Kings County (Lawrence Knipel, J.), both dated August 18, 2023. The first order granted those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover damages for breach of contract and on an account stated. The second order, insofar as appealed from, granted the same relief to the plaintiff and directed the clerk of the court to enter a judgment in favor of the plaintiff and against the defendants in the principal sum of $500,404.37.
ORDERED that the first order is affirmed; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2019, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and on an account stated, alleging that the defendants failed to pay the outstanding balance due on a credit card issued by the plaintiff. In June 2022, the plaintiff moved, among other things, for summary judgment on those causes of action. In an order dated August 18, 2023, the Supreme Court granted those branches of the plaintiff's motion. In a second order also dated August 18, 2023, the court, among other things, granted the same relief to the plaintiff and directed the clerk of the court to enter a judgment in favor of the plaintiff and against the defendants in the principal sum of $500,404.37. The defendants appeal.
Contrary to the defendants' contention, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on the cause of action to recover damages for breach of contract (see American Express Natl. Bank v Hoffman, 210 AD3d 1039, 1039-1040). "The plaintiff tendered sufficient evidence that there was a credit card agreement, which the defendant[s] accepted by using the credit card and making payments thereon, and that the agreement was breached by the defendant[s] when [they] failed to make required payments" (American Express Bank, FSB v Scali, 142 AD3d 517, 517-518; see American Express Natl. Bank v Hoffman, 210 AD3d at 1039-[*2]1040; Citibank [South Dakota] N.A. v Sablic, 55 AD3d 651, 652). In opposition, the defendants failed to raise a triable issue of fact (see American Express Bank, FSB v Scali, 142 AD3d at 518). Under the circumstances presented, the defendants' objections to the accuracy of certain charges, and the evidence submitted in support thereof, were insufficient to raise a triable issue of fact (see American Express Natl. Bank v Hoffman, 210 AD3d at 1040; Laskaratos v Bay Ridge Hoyt Lender, LLC, 185 AD3d 908, 910; cf. Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 524).
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on the cause of action to recover on an account stated (see American Express Bank, FSB v Scali, 142 AD3d at 518). The plaintiff submitted "evidence that it generated account statements for the defendant[s] in the regular course of business, that it mailed those statements to the defendant[s] on a monthly basis, and that the defendant[s] accepted and retained these statements for a reasonable period of time without objection, and made partial payments thereon" (American Express Centurion Bank v Gabay, 94 AD3d 795, 795; see Langione, Catterson & LoFrumento, LLP v Schael, 148 AD3d 797, 797; cf. American Express Centurion Bank v Cutler, 81 AD3d 761, 762). In opposition, the defendants failed to raise a triable issue of fact (see American Express Centurion Bank v Gabay, 94 AD3d at 795).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the causes of action to recover damages for breach of contract and on an account stated and, thereupon, directed the clerk of the court to enter a judgment in favor of the plaintiff and against the defendants in the principal sum of $500,404.37.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court